IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20966
Conference Calendar

_____

JOE GAMBOA RODRIGUEZ,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-547
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Joe Gamboa Rodriguez, federal prisoner # 60252-079, has filed an application for leave to proceed *in forma pauperis* (IFP) on appeal, following summary judgment in favor of the defendants in his suit to compel production of documents under the Freedom of Information Act (FOIA).  By moving for IFP, Rodriguez is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Rodriguez contends that the Bureau of Alcohol, Tobacco, and Firearms (BATF) refused to comply with his request for copies of documents relating to the ownership of a firearm and that this action violated the FOIA. The BATF properly requested that Rodriguez agree to pay for a search of external sources. 5 U.S.C. § 552(a)(4)(A)(iii) (West 1999). Rodriguez has not stated a constitutional claim. See Rodriguez v. United States, No. H-98-CV-547 (S.D. Tex. Sept. 18, 1998). The appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Rodriguez IFP status on appeal, we deny the motion to leave to appeal IFP, and we DISMISS Rodriguez's appeal as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

APPEAL DISMISSED.